## UNITED STATES v. MANGIARACINA.
### No. 17780.

United States District Court
W. D. Missouri.
Oct. 4, 1950.

See also 92 F.Supp. 96.

Sam M. Wear, U. S. Atty., Kansas City, Mo., Charles Mehaffy, Sp. Asst. to Atty. Gen., for plaintiff.

James J. Waters, James Daleo, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

Counsel for the defendant have filed a motion for a bill of particulars authorized by paragraph (f) Rule 7, Federal Rules of Criminal Procedure, 18 U.S.C.A. This rule provides that:

"The court for cause may direct the filing of a bill of particulars. A motion for a bill of particulars may be made only within ten days after arraignment or at such other time before or after arraignment as may be prescribed by rule or order."

Except probably in the case of the first sentence, the law relating to bills of particulars remains as it was at common law. The practice of moving for bills of particulars is not universally recognized. For instance, in Missouri, the practice does not prevail. State v. Quinn, 40 Mo.App. 627; State v. Noell, 220 Mo.App. 883, loc. cit. 887, 295 S.W. 529. It is not a popular practice and is recognized as being particularly addressed to the discretion of the trial court. It partakes of the nature of a motion for a more definite statement and is not properly employed to elicit information that might be evidentiary.

The District Court for the Southern District of Iowa in United States v. Adams Express Co., 119 F. 240, 241, aptly and concisely defined the function of the bill of particulars as follows: "And the office of a bill of particulars is to advise the court, but more particularly the defendant, of what

facts, more or less in detail, he will be required to meet."

The definition was approved in Kettenbach v. United States, 202 F. 377, loc. cit. 383, 120 C.C.A. 505, where the 9th Cir. Ct. of Appeals said in sustaining the trial court in overruling a motion for a bill of particulars:

"*The allegations of the indictment were not indefinite or vague* (emphasis mine) nor does it appear that the plaintiffs in error were entitled as a matter of right to the disclosures of the nature of the oral testimony which the government intended to produce."

The Supreme Court, in Wong Tai v. United States, 273 U.S. 77, loc. cit. 82, 47 S.Ct. 300, 302, 71 L.Ed. 545, intimated the proper office of the bill of particulars in a criminal prosecution, when it said:

"This motion * * * was denied on the ground that the indictment was sufficiently definite in view of the unknown matters involved and the motion called 'for too much details of evidence.' "

The court approved the action of the trial court in denying the motion by saying that:

"The application for the bill of particulars was one addressed to the sound discretion of the court, and, there being no abuse of this discretion, its action thereon should not be disturbed."

The office of the bill of particulars was well stated by the district judge for the Eastern District of Michigan, in United States v. McKay, 45 F.Supp. 1001, loc. cit. 1004. The court said:

"Where the charges in the indictment are so general that they do not advise the defendant of the specific acts with which he is charged, it is proper for the Court upon motion by the defendant to order the filing of a bill of particulars, *but it is not the purpose of such procedure to compel the Government to disclose in detail the evidence upon which it expects to rely.*" (Emphasis mine.)

Again, in Steffler v. United States, 143 F.2d 772, loc. cit. 773, the Court of Appeals for the 7th Circuit said:

"The indictment charged the offense defined by the statute in general terms and no essential element of the offense was omitted. *If appellant had any doubt as to the offense, he should have asked for a bill of particulars.*" (Emphasis mine.)

In Norris v. United States, 152 F.2d 808, loc. cit. 811, the 5th Circuit Court of Appeals defined the office of a bill of particulars as follows:

"The function of a bill of particulars is to cure omissions of details that might enable the defendant to prepare his defense, and to protect him against a second prosecution for the same offense."

The author of the opinion quoted from Tubbs v. United States, 8 Cir., 105 F. 59, loc. cit. 61, 44 C.C.A. 357:

"Defendants in this class of cases commonly affect ignorance of what they are indicted for, and great apprehension lest they shall be indicted a second time for the very same offense, and be unable to prove by the record a former conviction or acquittal. No case of the kind has ever occurred, or is ever likely to occur, but the affected apprehension of each defendant that it may occur in his case is perennial."

In the case of United States v. Wernecke, 138 F.2d 561, loc. cit. 563, the Court of Appeals for the 7th Circuit intimated the function of a bill of particulars to be a more definite statement or for information in the nature of particulars when it said:

"an element of the offense is charged by the use of generic terms, such as the word 'duty' * * * in which case the indictment must set forth what the 'duty' was."

Very concisely, 42 C.J.S., Indictments & Informations, § 156, p. 1092, defines the functions of a bill of particulars as follows:

"The office of a bill of particulars in criminal prosecutions is to give the adverse party information which the pleadings by reason of their generality do not give."

■ It is obvious from the foregoing that the purpose of a bill of particulars is to define more specifically the offense charged, and according to all of the authorities may not be employed to procure the evidence of the government.

In this case the defendant is charged in three counts with having failed to meet his income tax obligations for the years 1946, 1947, and 1948.

The first count charges that he failed to file a return for the year 1946, and that he thereby concealed his income from government officials. Certainly the charge could not have been more specifically made. The defendant knows whether he filed a return relating to his income for the year 1946. The government charged that he received a net income of about $5,501.65. This is definite and clear enough to inform the defendant of the charge against him.

The second count of the indictment was that the defendant attempted to defeat and avoid a large part of his income tax for the year 1947 by filing a return showing a net income of $7,151.53 whereas in truth and in fact his net income was $13,876.37. The defendant knows whether this was a fact or whether it was not a fact.

The third count charges in similar language for the year 1948 that the defendant's net income actually was $16,232.69, whereas he made a return showing a net income of but $6,524.19. These averments are clear enough to protect the defendant against second jeopardy and to inform him precisely of the offense with which he stands charged.

In fine, the defendant either failed to make a return on his income for 1946, or he did not. In 1947, he either minimized his income or he did not. In 1948, the same thing may be said. The motion for a bill of particulars should be denied, and it will be so ordered.