## UNITED STATES v. UDELL.

### Cr. No. 764.

United States District Court,
D. Delaware.

Dec. 1, 1952.

William Marvel, U. S. Dist. Atty., and Michael A. Poppiti, Asst. U. S. Atty., Wilmington, Del., for the United States.

Stewart Lynch and Robert B. Walls, Jr., Wilmington, Del., Peter P. Zion, Philadelphia, Pa., and Harry Friedman, Washington, D. C., for defendant.

LEAHY, Chief Judge.

Jacob Udell was indicted March 14, 1952 for wilfully and knowingly attempting to defeat and evade payment of income taxes due and owing by him to the United States, in violation of Sec. 145(b), Internal Revenue Code, Title 26, U.S.C. The indictment contained 5 counts: Counts I, II and III charged Udell with evasion of taxes for the years 1942, 1943 and 1944 respectively.

Counts IV and V both charged evasion of taxes for the year 1945. Each count also alleged defendant was absent from this district since on or about November 1, 1947, and until the date of the indictment. Udell admits the fact of his absence but claims he was not "fleeing from justice".

Defendant has filed a motion to dismiss the indictment. The motion is based on three grounds: (1) Each count of the indictment fails to allege with sufficient particularity in what respect the income tax return filed by defendant in each of the years in question was false and fraudulent; (2) the indictment was not found within three years next after the commission of the alleged offenses and that Sec. 3748(a), Title 26, U.S.C., which provides that absence from the district shall not be taken as any part of the time limited by law for commencement of proceedings, is void and unconstitutional in that it denies equal protection of the laws and due process; (3) the indictment was not found within six years next after the commission of the alleged offense and that Sec. 3748(a), Title 26, U.S.C., which provides that absence from the district shall not be taken as any part of the time limited by law for commencement of proceedings, is void and unconstitutional in that it denies equal protection of the laws and due process.

■ 1. A comparison of the language of the statute alleged to be violated and the language of the indictment reveals all essential elements of the offenses have been stated with the certainty and particularity necessary to apprise a defendant of the offense charged in order to enable him to prepare his defense. Indictments, moreover, using similar language have even been held not to be properly subject to a motion for a bill of particulars because of their fully informative nature. U. S. v. Mangiaracina, D.C., 10 F.R.D. 415.

So much of defendant's motion to dismiss as pertains to the sufficiency of various counts of the indictment will be denied.

■■ 2. The period during which defendant is absent from the district tolls the running of the statute of limitations by vir-

tue of Sec. 3748(a), 26 U.S.C.[1] Since defendant here is charged with the offense of wilfully attempting to evade or defeat any tax or the payment thereof, that part of defendant's motion which refers to the indictments not having been found within three years is by the clear language of the statute inapplicable. The sole question raised here by defendant is whether the indictment is found within six years of the commission of the alleged offense.

Udell has admitted he left Delaware in November 1947 and has not returned. The earliest date alleged for the commission of the offenses charged appears in Count I of the indictment, where it is alleged the offenses took place on or about March 15, 1943 in this district. Absent the qualification of Sec. 3748(a) of the Code having to do with absence from the district, the government could not have commenced prosecution against Udell after March 15, 1949. The government claims, however, since Udell left Delaware and established his legal residence elsewhere in November 1947, the statute has not run as to any of the offenses charged.

Defendant by his motion claims the effect of the statute is to create two classes of taxpayers—those within the protection of the statute, and those without the protection of the statute, depending upon their presence in the judicial district in which their returns are filed. All of defendant's objections to the applicability of Sec. 3748(a) were raised recently in the United States v. Satz, D.C.N.D.N.Y., 109 F.Supp. 94. On the basis of the reasoning advanced by Judge Brennan in the Satz case, I am of the opinion defendant's motion here must be denied.

It may well be the application of the statute produces onerous results upon taxpayers who remove themselves from the district in which they filed their returns in that if they never return to the district of filing, the statute of limitations would never run in their favor. This result may be all the more quixotic since the process of the federal government reaches everywhere throughout the land. The defendant here could have been indicted in the district in which the return was filed and arrested anywhere. Nonetheless, I agree with Judge Brennan, statutes of limitations "are matters of grace and while they are to be liberally construed in favor of defendants, this Court can see no justification to ignore the language of the statute * * *. To hold otherwise is to legislate under the guise of construction. If the present statute is inequitable, the remedy is in legislation, not construction."

Defendant's motions to dismiss and for a bill of particulars are denied. Orders may be submitted.

1. The portion of Title 26, U.S.C., Sec. 3748(a), which controls here provides: "* * * The time during which the person committing any of the offenses above mentioned is absent from the district wherein the same is committed shall not be taken as any part of the time limited by law for the commencement of such proceedings. * * *"