UNITED STATES of America
v.
Emanuel S. CASSERINO, Defendant.
No. 60–Cr–338.

United States District Court
E. D. New York.
Nov. 30, 1960.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. New York, Brooklyn, N. Y., for the United States. William H. Sperling, Sp. Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Francis X. Giaccone, Lake Ronkonkoma, N. Y., for defendant.

BARTELS, District Judge.

Defendant moves to (i) dismiss the information herein as legally insufficient, and in the alternative (ii) to compel a bill of particulars.

The information charges that defendant on or about June 2, 1960 "in

the United States Postal Concentration Station, Long Island City, Queens, New York, a place within the exclusive territorial jurisdiction of the United States * * * did engage in bookmaking, and for the purpose of recording and registering bets and wagers did register and records bets, and did make book, upon the result of contests of the speed of beasts, to wit: horses * * *" in violation of Section 986, N.Y. Penal Law, which conduct constitutes an offense under 18 U.S.C.A. § 13. The charge of insufficiency is based upon the statement that the information "does not state any facts and states a mere conclusion." An indictment or information must of course recite all of the elements necessary to constitute the violation of the statute in order to be valid. In other words, it must sufficiently apprise defendant of what he must be prepared to meet. However, it is not necessary that the information follow the exact wording of the statute. See Rudin v. United States, 6 Cir., 1958, 254 F.2d 45, 48, certiorari denied 357 U.S. 930, 78 S.Ct. 1374, 2 L.Ed.2d 1371; Brown v. United States, 9 Cir., 1955, 222 F.2d 293, 296.

The substance of the information in this case is that on a specified date and at a place subject to the jurisdiction of the United States, defendant engaged in bookmaking and took and recorded bets on horses in violation of law. A "bookmaker" has been defined as "a professional receiver of bets". Bohn v. United States, 8 Cir., 1958, 260 F.2d 773, 776, certiorari denied 358 U.S. 931, 79 S.Ct. 320, 3 L.Ed.2d 304. The words of the information dealing with "bookmaking" are taken substantially from the statute and consequently are sufficient. See United States v. Palmiotti, 2 Cir., 1958, 254 F.2d 491. While the language used might be deemed to be conclusory, it nevertheless is a "plain, concise and definite written statement of the essential facts constituting the offense charged." Rule 7(c), Fed.Rules Crim.Proc., 18 U.S.

C.A. The information is legally sufficient and defendant's motion to dismiss the information is accordingly denied.

Defendant requests a bill of particulars with respect to the following:

"1. The number of bets and wagers charged to have been recorded together with the names of the horses, the amounts wagered and the names of the alleged bettors, together with the date of the alleged bets.

"2. The names and addresses of every person who was present at the time or times alleged in the information when it is charged that the defendant did engage in bookmaking."

The purpose of a bill of particulars in a criminal case is to "advise the defendant with sufficient particularity of matters necessary to enable him to prepare his defense and to safeguard him from further prosecution for the same act." Myers v. United States, 8 Cir., 1926, 15 F.2d 977, 985; also Wong Tai v. United States, 1927, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; United States v. Mangiaracina, D.C.Mo.1950, 10 F.R.D. 415. Defendant has not shown how he may be subjected to double jeopardy without the particulars he seeks or in what way he is prevented from preparing his defense. The information states the time and place of the alleged acts of bookmaking. It is not the purpose of a bill of particulars to disclose in detail the evidence upon which the Government expects to rely. See United States v. Mangiaracina, supra. The demand for the names of the persons present at the time of the alleged acts is a demand for evidence and is not the proper subject of a bill of particulars. Bohn v. United States, supra, 260 F.2d at page 778; see United States v. Gris, D.C.N.Y.1956, 146 F.Supp. 293, affirmed 2 Cir., 247 F.2d 860; Wong Tai v. United States, supra; Fredrick v. United States, 9 Cir., 1947. 163 F.2d 536, 545–546.[1] The request for

---

1. Cf. United States v. Lipshitz, D.C.N.Y. 1957, 150 F.Supp. 321, where evidence was ordered given, since under the circumstances of the case it was necessary to enable defendant to prepare his case.

the number of bets placed seems irrelevant, since the offense can be proven without regard to any specific number of bets. See Land v. United States, 4 Cir., 1949, 177 F.2d 346. The same is true as to the names of the horses together with the amount wagered on each. The date the wagers were placed is limited to the day charged in the information.

Under the present circumstances the Court is of the opinion that the particulars requested are not necessary to enable defendant to prepare his defense or to remove any risk of double jeopardy. The Court believes that such "cause" as specified in Rule 7(f) has not been shown in order to justify the exercise of its discretion in defendant's favor. In reaching this conclusion it relies upon the statement in the Government's brief (page 3) that "The government is willing to exhibit to the defendant, and has in fact exhibited to counsel for defendant, a number of betting slips which were found on the defendant at the time he was apprehended."

Motion denied. Settle order within ten days on two days' notice.