**UNITED STATES of America,**

v.

**Jeremiah J. KELLEY, Defendant.**

**No. 65 Cr. 256.**

United States District Court
S. D. New York.

Feb. 28, 1966.

---

10

Peter R. Taft, Vincent J. Fuller, Washington, D. C., Herbert J. Bliss, New York City, for defendant.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, New York City, for Government.

CANNELLA, District Judge.

Motion by the defendant for a dismissal of the indictment, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, is denied. The motion for a bill of particulars, pursuant to Rule 7(f) is denied except insofar as consented to by the government.[1]

On March 23, 1965, the grand jury returned an indictment against the defendant, Jeremiah J. Kelley, charging the commission of four substantive offenses.

Count 1 charges that between September 13, 1961 and December 31, 1964, Kelley was engaged in the business of betting and wagering in the Southern District of New York and that he used and caused to be used a telephone for the transmission in interstate commerce, between New York City and five named cities in four other states, of bets and wagers on sporting events and contests, in violation of 18 U.S.C. § 1084.[2]

Count 2 charges that during the same period of time Kelley did use and cause to be used a facility in interstate commerce, to wit, a telephone, between New York City and the five named cities with intent to promote, manage, establish, carry on, and facilitate the promotion,

---

1. The defendant also moved under Rule 41(e) of the Federal Rules of Criminal Procedure for an order suppressing certain evidence and, under Rule 16, for the discovery and inspection of certain documents. Regarding the motion to suppress, the government disclaims any intention to offer into evidence any items which the defendant seeks to suppress, thereby rendering the issue moot at this juncture of the proceedings. Should the government attempt to offer any of the evidence in question at the time of trial, the defendant would then be in a position to make the appropriate motion or motions. With reference to the motion for discovery and inspection, this application is rendered moot by a post-motion agreement entered into between counsel. See Government's Memorandum of Law, p. 3.

2. Section 1084 provides in part: "(a) Whoever being engaged in the business of betting or wagering knowingly uses a wire communication facility for the transmission in interstate or foreign commerce of bets or wagers or information assisting in the placing of bets or wagers on any sporting event or contest, or for the transmission of a wire communication which entitles the recipient to receive money or credit as a result of bets or wagers, or for information assisting in the placing of bets or wagers * * *." shall be guilty of a crime.

management, establishment and carrying on of an unlawful activity, namely, a business enterprise involving gambling, in violation of Section 986 of the Penal Law of the State of New York, to wit, bookmaking, and did thereafter perform and attempt to perform acts facilitating the promotion, management, establishment and carrying on of said unlawful activity in violation of 18 U.S.C. § 1952.[3]

Count 3 charges that between June 1, 1960 and December 31, 1964, Kelley was in the business of accepting and receiving wagers and that he wilfully failed to pay the special tax imposed by 26 U.S.C. § 4411.[4]

Count 4 charges that during the same period of time Kelley was in the business of accepting and receiving wagers and that he wilfully failed to register with the Internal Revenue Service as required by law. 26 U.S.C. § 4412.[5]

### THE MOTION TO DISMISS

Considering first the motion to dismiss, the defendant's multi-pronged attack on the indictment consists of the following contentions: (1) the interrelationship of the statutes upon which the indictment is predicated represents a "statutory scheme", the implementation of which is violative of the self-incrimination and due process clauses of the fifth amendment to the Constitution of the United States; (2) the counts of the indictment lack sufficient specificity to adequately apprise the defendant of the offense charged, in violation of the provisions of Rule 7(c) of the Federal Rules of Criminal Procedure, and the requirements of the fifth and sixth amendments to the Constitution of the United States; (3) Count 1 is defective in that it is in conflict with the first amendment. The count, and the statute upon which it is predicated, 18 U.S.C. § 1084, insofar as it seeks to make it a federal crime to transmit in interstate commerce "information assisting in the placing of bets or wagers", seeks to punish the utterance of speech which does not create a clear and present danger of bringing about a substantive evil which Congress may constitutionally punish; (4) Count 1 is defective in that it alleges that the defendant did "cause to be used a wire communication facility * * *", but fails to allege that the person thus caused to use the facility was engaged in the business of betting or wagering; (5) Count 2 is defective in that it fails to allege any facts showing (a) that the alleged "unlawful activity" was in violation of Section 986 of the Penal Law of the State of New York, McKinney's Consol. Laws, c. 40, or (b) that acts performed by defendant violated or facilitated the violation of Section 986; (6) Counts 1 and 2 are further defective in that these counts and the statutes upon which they are predicated, 18 U.S.C. §§ 1084 and 1952 respectively, seek to proscribe and punish conduct which is beyond the scope of the "commerce clause"; (7) Counts 3 and 4 are defective in that they are predicated

---

3. Section 1952 provides in part: "(a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce * * * with intent to—(1) distribute the proceeds of any unlawful activity; or * * * (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity * * *." shall be guilty of a crime.

4. Section 4411 provides: There shall be imposed a special tax of $50 per year to be paid by each person who is liable for tax under section 4401 [that is, those "engaged in business of accepting wagers"] or who is engaged in receiving wagers for or on behalf of any person so liable."

5. Section 4412 provides in part: (a) Requirement.—Each person required to pay a special tax under this subchapter shall register with the official in charge of the internal revenue district—(1) his name and place of residence; (2) if he is liable for tax under subchapter A, each place of business where the activity * * * is carried on, and the name and place of residence of each person who is engaged in receiving wagers for him or on his behalf; and (3) if he is engaged in receiving wagers for or on behalf of any person liable for tax under subchapter A, the name and place of residence of each such person.

upon statutory provisions, 26 U.S.C. §§ 4411 and 4412 respectively, which are beyond the scope of the taxing power conferred upon the Congress by the United States Constitution.

Addressing attention to the defendant's argument that the $50 tax and registration provisions of Sections 4411 and 4412 are violative of the self-incrimination clause of the fifth amendment, that contention was considered and rejected by the Supreme Court in United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754 (1953) and Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475 (1955). The government contends that Kahriger and Lewis represent dispositive authority. The defendant maintains that the rationale of these cases is no longer applicable to sustain the validity of count 3 of the present indictment, which is predicated upon Section 4411. Nor are the holdings in Kahriger and Lewis sufficient to support count 4 which charges a violation of Section 4412. Three reasons are given for the inapplicability of these decisions to the issues at bar:

(1) The recent decision of the Supreme Court in Murphy v. Waterfront Commission, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964), overruled the prior rule allowing the federal government to compel disclosure of information which may tend to incriminate under state law. Had the defendant herein done that which counts 3 and 4 allege that he wilfully failed to do, and which Sections 4411 and 4412 purport to require, the defendant would have been compelled to incriminate himself under the laws of the State of New York;

(2) The enactment in 1961 of 18 U.S.C. §§ 1084 and 1952, which are the bases of counts 1 and 2 of the instant indictment, made compliance with 26 U.S.C. §§ 4411 and 4412 self-incriminatory under federal law;

(3) The form promulgated by the Treasury Department for compliance with 26 U.S.C. §§ 4411 and 4412 requires the furnishing of information which would tend to incriminate the taxpayer in relation to past unlawful acts.

■ The Murphy decision's extension of the scope of the privilege against self-incrimination does not alter that privilege's essential character. It is axiomatic that the privilege against self-incrimination has relation only to past acts, not to acts that may or may not be committed in the future. United States v. Kahriger, supra 345 U.S. at 32–33, 73 S.Ct. 510, 97 L.Ed. 754.

■ The tax and registration provisions of Sections 4411 and 4412 apply to persons engaged in the "business" of accepting wagers. The language used in the sections is framed without explicit reference to intended future conduct. Section 4411 speaks of those "engaged" in the business; Section 4412(a) (2) seeks, inter alia, the location where the activity in question is "carried on". It might be argued that it is definitionally impossible for one who merely intends to engage in wagering activity in the future to be within the purview of the statutory mandate; which would be to say that registration is probative of past conduct, and thus violative of the self-incrimination clause. See dissent of Justice Black, joined in by Justice Douglas, and Justice Frankfurter's dissent in Kahriger. However, the decisions are clear that the sections in question are prospective in nature and are thus not constitutionally defective. Kahriger v. United States, supra; Lewis v. United States, supra. The disclosures required are not self-incriminatory. Thus the defendant's contention that the Murphy decision, the application of which presupposes the existence of such objectional evidence, renders Kahriger and Lewis inapposite, is unsound.[6] United States

---

6. The court in Lewis, in rejecting the self-incrimination argument, grafted to the past act approach the further objection that the requirements are not actually "compulsory" in the constitutional sense.

Lewis v. United States, supra 348 U.S. at 422, 75 S.Ct. 415. This rationale was adopted by the Second Circuit Court of Appeals in United States v. Costello, infra.

v. Costello, 352 F.2d 848 (2d Cir., October 29, 1965).

Moreover the defendant's contention that the enactment in 1961 of 18 U.S.C. §§ 1084 and 1952 made compliance with 26 U.S.C. §§ 4411 and 4412 self-incriminatory under federal law, is similarly without merit. The rationale that registration relates to future, rather than past activities is again dispositive, as is the *Lewis* holding that the disclosures required are not the result of an unconstitutional compulsion. See fn. 6, supra. The Court of Appeals for the Seventh Circuit has recently had occasion to reject, on the basis of *Kahriger* and *Lewis,* the present argument concerning the interrelationship between Sections 1084 and 1952 and the disclosure provisions of the Federal wagering tax law. United States v. Zizzo, 338 F.2d 577, 580–581 (7th Cir. 1964), cert. denied, 381 U.S. 915, 85 S. Ct. 1530, 14 L.Ed.2d 435 (1965); United States v. Cefalu, 338 F.2d 582, 584–585 (7th Cir. 1964).

The defendant's next argument, viz., that the form promulgated by the Treasury Department for compliance with 26 U.S.C. §§ 4411 and 4412 requires the furnishing of information which would tend to incriminate the taxpayer in relation to past unlawful acts, is rejected by this court on the authority of *Kahriger*. The contention that since two of the questions propounded in Form 11–C (Rev.March 1958) are framed in the present tense, the queries are incriminating even under the *Kahriger* majority view, is incorrect. The particularized questions are number 5 which asks, *"Are you engaged* in the business of accepting wagers on your own account" and, number 6, which asks, *"Do you receive* wagers for or on behalf of some other person or persons?".  As was noted· previously, Section 4411 speaks of those "engaged" in the business, while Section 4412(a) (2) seeks, inter alia, the location where the activity in question is "carried on". Though the terminology employed in these sections troubled the dissenters in *Kahriger* and *Lewis,* the majority found the scope of inquiry to be prospective

in nature.  This court is similarly disposed.

The next major argument is that the indictment lacks sufficient specificity to adequately apprise the defendant of the offense charged, in violation of the provisions of Rule 7(c) of the Federal Rules of Criminal Procedure and the guarantees of the fifth and sixth amendments.

Each count in the indictment is couched in the statutory language and thus is consistent with the procedure sanctioned by the court in United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953).  See also, United States v. Achtner, 144 F.2d 49 (2d Cir. 1944); United States v. Guterma, 189 F.Supp. 265 (S.D.N.Y.1960).  This is not to say that an indictment so drafted necessarily provides the defendant with all the essential information needed by the defendant to prepare his defense.  The defendant's remedy in cases of interstitial deficiencies is to seek a bill of particulars under Rule 7(f), as was done in this case.  See United States v. Smith, D.C., 16 F.R.D. 372.  This court finds that the indictment, as supplemented by the information furnished pursuant to the bill of particulars, adequately alleges the offenses charged.  The motion to dismiss on this ground is therefore denied.

As the third line of attack, it is contended that count 1 is defective in that it is in conflict with the first amendment.  The count, and the statute upon which it is predicated, 18 U.S.C. § 1084, insofar as it seeks to make it a federal crime to transmit in interstate commerce "information assisting in the placing of bets or wagers", attempts to punish the utterance of speech which does not create a clear and present danger of bringing about a substantive evil which Congress may constitutionally punish.· Judge Wyatt, in this district, rejected the present argument in United States v. Borgese, 235 F.Supp. 286, 295–296 (S.D.N.Y.1964). It was noted in *Borgese* that while gambling per se, is not violative of federal law, it is contrary to the law of the state of New York.  New York Const., Art. 1, § 9; New York Penal Law, §§ 970

through 998. The use of interstate facilities to further the commission of illegal activities, whether those activities be federal or purely state in nature, is within the regulatory power of Congress. See generally Dennis v. United States, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137 (1951). The "substantive evil" sought to be curtailed is the use of a federally controlled means of communication to violate state penal statutes. This being the case, the provisions of Section 1084 do not trespass on the first amendment guarantee of free speech. United States v. Borgese, supra.

The defendant next contends that count 1 is fatally defective for failure to allege a necessary element of the offense. Count 1 charges not only that the defendant used the wire communication facility, but also that he caused it to be used by others. The alleged deficiency is the indictment's failure to charge that the person or persons caused to use the facility were engaged in the business of abetting or wagering. To maintain that the defendant could not violate the statute by having such "non-professionals" place the telephone calls is to ignore the definition of a "principal", as formulated in 18 U.S.C. § 2, and to insist on an overly narrow interpretation of the word "use" in Section 1082. Section 2(b) of 18 U.S.C. states:

"Whoever wilfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal".

The "Revisor's Note" to this Section states in part:

"The section as revised makes clear the legislative intent to punish as a principal not only one who directly commits an offense and one who 'aids, abets, counsels, commands, induces or procures' another to commit an offense, but also anyone who *causes the doing of an act which if done by him directly would render him guilty of an offense against the United States*". Emphasis added.

Moreover, Section 1084 proscribes the knowing "use" of a wire communication facility by one "engaged in the business of betting or wagering" for transmitting in interstate commerce bets and wagers or information assisting in the placing of bets and wagers. There is nothing to indicate that the word "use" is limited to physical use by the defendant. Indeed, such a narrow construction would render the statute so easily circumvented as to be necessarily ineffective. This court concludes that a defendant can "use" the facility through another, even though the other person is "not engaged in the business of betting or wagering", as long as the defendant is so engaged.

The defendant's next challenge to the indictment is directed at count 2. The claim of insufficiency is predicated on the "conclusory allegation" that the defendant's activities were violative of the New York bookmaking statute, viz., Section 986 of the Penal Law. The defendant argues that the count in question, to be properly framed, must particularize how and where the New York statute was violated. This precise argument was rejected in Turf Center, Inc. v. United States, 325 F.2d 793 (9th Cir. 1963), wherein the court noted that "the violation of the State statutes was an element of the offense and not the gravamen of the charge. * * * An indictment is sufficient if it contains the elements of the offense contended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet." Turf Center, Inc. v. United States, supra 325 F.2d at p. 796.

The violation of Section 1952 is properly alleged, and when considered in conjunction with the information furnished pursuant to the bill of particulars, is adequate to apprise the defendant of the nature of the charge against him.

The defendant's argument that Sections 1084 and 1952 are beyond the scope of the "commerce clause" and constitute an infringement of the police powers reserved to the states by the tenth

amendment, is without merit. Gambling per se, may be a matter primarily of state concern. See Knapp v. Schweitzer, 357 U.S. 371, 375, 78 S.Ct. 1302, 2 L.Ed. 2d 1393 (1958); United States v. Kahriger, supra 345 U.S. at 38, 73 S.Ct. 510 (dissenting opinion of Justice Frankfurter). Nonetheless, it is clear that the Congress, in the exercise of its pervasive control over interstate commerce, may attempt to prevent the use of interstate means for the furtherance of crime. United States v. Zizzo, 338 F.2d 577, 579–580 (7th Cir. 1964); United States v. Borgese, supra 235 F.Supp. at 296–297. See also Hoke v. United States, 227 U.S. 308, 33 S.Ct. 281, 57 L.Ed. 523 (1913); Champion v. Ames, 188 U.S. 321, 23 S. Ct. 321, 47 L.Ed. 492 (1903).

▆ The defendant's seventh and final argument, viz., that Sections 4411 and 4412 exceed the legitimate scope of the federal taxing power, was presented unsuccessfully in conjunction with the self-incrimination question previously discussed, to the Supreme Court in *Kahriger* and *Lewis*, supra. Unlike the self-incrimination issue, in which the defendant asserted that intervening decisional and statutory changes in the law destroyed *Kahriger's* precedent value, the present issue is not subject to any such objection. This being the case, this court denies the motion to dismiss the indictment on the "taxing-power" ground, relying on the authority of *Kahriger*.

## MOTION FOR BILL OF PARTICULARS

The government has agreed to furnish the following information relating to the use of the telephone as alleged in counts 1 and 2: (a) the date of each telephone call; (b) the telephone number from which each telephone call was placed; (c) the telephone number called in each instance and (d) the address of each such telephone. Moreover, in items I 6 and II 4, the defendant asks the government to identify each of the places indicated by the phrase "among others" in counts 1 and 2. In response, the government has stated that in addition to calls between New York City and five enumerated cities, it intends to prove calls between Camden, South Carolina and New York City. The government has also indicated that if calls to or from other cities are discovered prior to trial, it will furnish the names of such cities to the defendant. The defendant, in an agreement between counsel, has agreed to withdraw requests I 3, 4 and 5 and II 3. Therefore only requests I 1, II 1 and 5, III 1 and IV 1, are presently before the court.

▆ With respect to requests I 1 and II 1, the defendant asks whether the defendant is alleged to have violated 18 U.S.C. § 1084 and 18 U.S.C. § 1952 as a principal or as an aider and abettor. In the event it is alleged that the defendant acted as an aider and abettor, the defendant seeks the identity of his principal, and the manner in which he allegedly aided and abetted that principal. These requests are denied. The government need not furnish the theory of its case in advance of trial, see United States v. Kahaner, 203 F.Supp. 78 (S.D. N.Y.1962); United States v. Cimino, 31 F.R.D. 277 (S.D.N.Y.1962); United States v. Lopez, 26 F.R.D. 174 (S.D.N.Y. 1960); United States v. Shillachi, 166 F.Supp. 303 (S.D.N.Y.1958), nor the names of potential government witnesses, United States v. Brevard, 27 F.R.D. 250 (S.D.N.Y.1961); United States v. Casserino, 189 F.Supp. 288 (E.D.N.Y.1960).

▆ The defendant asks in request II 5, directed at count 2, for the "acts it is claimed the defendant did perform and attempt to perform facilitating the promotion, management, establishment and carrying on of said unlawful activity". The matter sought is purely evidentiary and the request is therefore denied. United States v. Lebron, 222 F.2d 531 (2d Cir.), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); United States v. Casserino, supra; United States v. Tolub, 187 F.Supp. 705 (S.D. N.Y.1960).

▆ Finally, in requests III 1 and IV 1, the defendant seeks the names of those

persons on whose behalf it is contended the defendant accepted and received wagers, as charged in counts 3 and 4. Since alternative allegations as to the status of the defendant are contained in the relevant counts, the requested disclosures would, by indirection, disclose the theory of the government's case. Moreover, the requests seeks the name of potential government witnesses. The requests are denied.

So ordered.