DIEGO ORTIZ, MIGUEL A. VÁZQUEZ y JOSÉ M. PADILLA, peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. PABLO JUAN Y TORO, JUEZ, demandado; EL PUEBLO DE PUERTO RICO, interventor.

Número 2015.

*Sometido:* 17 de junio de 1953. *Resuelto:* 25 de junio de 1953.

*César Andréu Ribas* y *Santos P. Amadeo,* abogados de los peticionarios; el Juez recurrido compareció por escrito; *Hon. Secretario de Justicia José Trías Monge* y *Jaime García Blanco, Fiscal Especial, Tribunal Supremo,* abogados de el Pueblo, interventor.

*Per Curiam:* El Fiscal del Tribunal Superior de Puerto Rico, Sala de San Juan, radicó la siguiente acusación contra los peticionarios:

"Los referidos acusados Diego Ortiz, Miguel Ángel Vázquez y José M. Padilla, allá en o dentro del período del año 1952 al 1953, y dentro del Distrito Judicial del Tribunal Superior de Puerto Rico, Sala de San Juan, siendo funcionarios ejecutivos del Gobierno Insular, como Sargento el primero y policías los otros del cuerpo de la Policía Insular de Puerto Rico, en sus funciones como detectives, de común acuerdo entre sí y con un propósito común, en forma ilegal, voluntaria, maliciosa y corruptamente pidieron, convinieron en aceptar y aceptaron dinero del cuño legal de los Estados Unidos de América como soborno de parte de Rafael Cáceres y Andrés López Salas con el entendido y en la inteligencia de que por medio de dicho soborno los acusados no habrían de perseguir, según su obligación, las infracciones a las leyes cometidas por dichos Rafael Cáceres y Andrés López Salas, Administrador y dueño en el negocio 'Carolina Summer Resort', donde operaban allí y entonces un centro de prostitución."

En el acto de la lectura de dicha acusación los acusados hicieron alegación de inocentes y solicitaron juicio por jurado. Posteriormente dichos acusados radicaron una

moción solicitando la especificación de los siguientes particulares:

"(*a*) Día, mes y año en que los acusados pidieron y exigieron de los supuestos perjudicados las sumas constitutivas del alegado soborno.

"(*b*) Sitio y hora en que ocurrió la solicitud y la entrega de suma alguna de dinero."

Las partes discutieron la anterior moción en una vista señalada al efecto y con fecha 7 de mayo de 1953, la corte a quo procedió a resolverla mediante la siguiente resolución:

"Vista y discutida la moción sobre especificaciones y particulares radicada por los acusados, el Tribunal ordena al Fiscal que en el término de cinco (5) días informe a los acusados por conducto de sus abogados lo siguiente:

(*a*) Dentro de cuál municipio de los comprendidos dentro del Distrito Judicial del Tribunal Superior de Puerto Rico, Sala de San Juan, ocurrió la solicitud y la entrega de la suma o sumas de dinero."

En cumplimiento de la ameritada resolución :el Fiscal radicó un escrito informando a los acusados "que la solicitud y entrega de dinero, en este caso, ocurrió dentro de los municipios de San Juan y Carolina."

Expedimos un auto de *certiorari* para revisar la resolución denegando los particulares solicitados por los acusados y concedimos diez días al juez recurrido para que mostrara causas por escrito por las cuales no debía anularse la resolución recurrida y concederse a los acusados-peticionarios, en todo o en parte, lo solicitado en sus peticiones.

El juez recurrido ha comparecido por escrito y también lo ha hecho el interventor El Pueblo de Puerto Rico, radicando un alegato en apoyo de la resolución recurrida.

No estamos considerando un ataque, mediante excepción perentoria, a la suficiencia de la acusación. Por lo tanto, asumimos que ésta cumple con los requisitos exigidos por el estatuto. Mas ello no obsta para que decidamos

si los acusados tienen derecho al pliego de particulares solicitado. *Pueblo* v. *Colón*, 52 D.P.R. 413. Hemos dicho en ocasiones anteriores que la moción solicitando un pliego de particulares (*bill of particulars*) se dirige a la discreción de la corte—*Pueblo* v. *Gerardino*, 37 D.P.R. 185—y que "La concesión de una especificación de particulares (*bill of particulars*) en un caso criminal no es un derecho absoluto del acusado. Depende de la sana discreción de la corte ante la cual ha de celebrarse el juicio. No existe en nuestro derecho procesal disposición alguna que obligue a la corte a ordenar al fiscal que presente al acusado un pliego de especificaciones; pero la corte puede, en uso de su discreción, dictar esa orden, pues la facultad para así hacerlo no depende de una autorización estatutaria expresa, sino que está incluída dentro de la facultad general que tienen los tribunales para regular la tramitación de los juicios y el debido cumplimiento de la ley. Tratándose de una facultad discrecional de la corte, la resolución de ésta no es revocable a menos que las circunstancias del caso demuestren claramente que la corte abusó de su discreción y que la falta de especificación de particulares impidió al acusado preparar debidamente su defensa." *Pueblo* v. *Ramírez*, 50 D.P.R. 234, 245. Véase además, *Pueblo* v. *Berdecía*, 59 D.P.R. 318 y *Pueblo* v. *Berenguer*, 59 D.P.R. 81.

▪ Como fundamento de su solicitud de particulares los acusados alegaron que el término expresado en la acusación [allá en o dentro del período del año 1952 al 1953] (¹) dentro del cual se alega que los acusados pidieron, convinieron en aceptar y aceptaron dinero como soborno, es tan lato que les impide preparar debidamente su defensa.

Ante nos alegan que el juez recurrido ejercitó errónea-

---

(¹) Este período de tiempo cubre desde enero de 1952 hasta diciembre de 1953, según la explicación dada por el fiscal acusador al juez recurrido. Sin embargo, como la acusación fué radicada el día 10 de abril de 1953, nos inclinamos a creer que el fiscal no quiso incluir, como posible fechas en que se aceptó el alegado soborno, ninguna posterior a la de la radicación de la acusación.

mente y abusó de su discreción al denegar el pliego de particulares. Tienen razón los peticionarios.

La expresión en la acusación de la fecha o fechas en que se alega fué cometido el delito por los acusados es muy vaga y general y no suministra a aquéllos adecuada y suficiente información para que puedan preparar debidamente su defensa y enfrentarse a los cargos el día del juicio sin indebida desventaja.

Desde enero de 1952 hasta abril 10 de 1953, fecha de la radicación de la acusación, media un lapso de tiempo de unos quince meses y días. Según anunció el fiscal en la vista celebrada ante la corte a quo, la acusación imputa a los acusados la comisión del delito de soborno, en cualquier día dentro de ese largo período de tiempo. Resulta imposible para los acusados comparecer a juicio preparados para enfrentarse a unos hechos, que por primera vez, habrán de enterarse que ocurrieron el día X o los días X y X comprendidos entre enero de 1952 y abril de 1953. El fiscal de la corte recurrida no negó que la evidencia en su poder revelara los particulares solicitados por los acusados. Una manifestación suya a ese efecto hubiera suministrado suficiente motivo para denegar la solicitud de particulares. *Pueblo* v. *Colón*, supra. Por otro lado creemos que el debate judicial podrá plantearse de modo más franco si el fiscal proporciona a los acusados los datos solicitados en su moción sobre especificación de particulares. *Cf. Pueblo* v. *Berenguer*, supra. Esos datos, con excepción del de la hora, son necesarios para que los acusados en este caso puedan preparar debidamente su defensa. Véase, anotación en 10 A.L.R. 982 y 5 A.L.R. 2d 444.

*Por lo expuesto se anula la resolución recurrida y en su lugar debe dictarse otra, ordenando al fiscal de la Corte Superior, Sala de San Juan, proceda a suministrar a los acusados los particulares solicitados por ellos, con excepción de la hora en que ocurrió la solicitud y entrega de dinero.*