**UNITED STATES of America**
v.
**Lester MEYERS, Defendant.**
Cr. 43882.

United States District Court
E. D. New York.
Nov. 21, 1955.

**300**

Louis Kaye, Brooklyn, N. Y., for defendant.

Leonard P. Moore, U. S. Atty., Edgar G. Brisach, Asst. U. S. Atty., Brooklyn, N. Y., in opposition.

RAYFIEL, District Judge.

The defendant moves to dismiss the indictment on the ground that it "is insufficient upon its face and does not allege or charge the crimes set forth and that the language of such indictment is insufficient as a matter of law to charge the defendant with a violation of Title 18, United States Code, § 1001". He bases his claim of insufficiency chiefly on its failure to charge him, in the language of the statute, with "knowingly and willfully" using the false writings referred to therein.

I think the claim is without merit. It is not necessary to use the language of the statute if, as is true in the instant case, the facts charged in the indictment clearly import such knowledge and wilfulness. U. S. v. Amorosa, 3 Cir., 167 F.2d 596, Madsen v. United States, 10 Cir., 165 F.2d 507.

Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. has liberalized the former practice applicable to the preparation of indictments. No longer need they contain the narrow and precise language of the statute. The test now is "whether the indictment contains the elements of the offense intended to be charged and sufficiently informs the defendant of what he must meet in the preparation of his defense, and whether it is sufficiently specific to obviate the danger of the defendant being prosecuted a second time for the same offense. *The indictment must allege the essential elements of the offense but mere forms of averment may be disregarded.*" (Emphasis added.) Madsen v. U. S., supra, 165 F.2d at page 509.

The defendant also contends that because of the vagueness and insufficiency of the language of the indictment he may be subjected to a second prosecution for the same alleged offense. A reading of the indictment discloses the fact that it explicitly sets forth the documents upon which it is based, the information therein contained, the manner in which and the purpose for which they were used and those particulars wherein they are false. The indictment is clearly sufficient and the motion is accordingly denied. Settle order on notice.