**UNITED STATES of America,**
**Appellee,**

v.

**Ralph SETTE, Appellant.**

**No. 427, Docket 28352.**

United States Court of Appeals
Second Circuit.

Argued April 20, 1964.

Decided July 8, 1964.

268

Arthur W. Richardson, Yonkers, N. Y., for appellant.

Howard T. Owens, Jr., Asst. U. S. Atty. (Robert C. Zampano, U. S. Atty., for the District of Connecticut, on the brief), for appellee.

Before MOORE, KAUFMAN and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge:

Ralph Sette appeals from a judgment of conviction for violating 18 U.S.C.A. § 371, by entering into a conspiracy to engage in the business of accepting wagers without paying the special occupational tax required by 26 U.S.C.A. §§ 4411 and 7203. After an intensive investigation of gambling operations in Stamford, Connecticut, the defendant and four others were indicted in a one count indictment. Three of the named defendants pleaded guilty to substantive wagering tax offenses charged in other indictments; one pleaded guilty to the conspiracy indictment. Sette's trial on the conspiracy indictment followed.

The basic facts are not in dispute. Three of the others charged in the indictment, Malizia, Denison and Vlahos were in the business of receiving wagers from bettors. They would take the money and numbers slips to a "drop" which was an abandoned truck on Spruce Street in Stamford. At the end of the business day another defendant, Brown, would leave a house on Spruce Street, pick up the wagers and return to the house. On several occasions, Sette was observed to drive up in his car and signal with his horn a short time thereafter. Brown would come out, proceed to the car, and give Sette what the jury might properly have found to be the collected wagers. Sette would then drive off.

Appellant, relying upon the cases of United States v. Calamaro, 354 U.S. 351, 77 S.Ct. 1138, 1 L.Ed.2d 1394 (1957) and Ingram v. United States, 360 U.S. 672, 79 S.Ct. 1314, 3 L.Ed.2d 1503 (1959), contends that the evidence against him failed to show that he was either a "writer" of bets or a "banker" but rather that he was a pick-up man not covered by the statute. It is true that, under Ingram, supra, appellant could be convicted of conspiracy even if he were not personally liable for the tax, but only if he was shown to have actual knowledge of the tax liability of the other persons charged in the indictment. There was no evidence to support such a finding, and the government in urging affirmance does not argue along this line. Instead, it asserts that there was adequate evidence to support a finding that

Sette himself was liable for the wagering excise tax, under Calamaro and Ingram. We agree with appellant on this issue, however, and accordingly reverse the judgment.

This Court has recently considered the statute here involved and the recognized method of operation of similar gambling enterprises. United States v. Marquez, 332 F.2d 162 (2 Cir. 1964). In this case, however, the evidence here places appellant closer to Calamaro than to Ingram. It is clear that he never was seen actually accepting wagers, nor was he shown by any direct evidence to have a proprietary interest in the gambling operation. From all that appeared in the factual evidence, he merely picked up the wagers from another pick-up man, and it was at least as likely that he delivered them to someone else as that he kept and accounted for them himself. One government agent testified that he followed Sette's car for about ten minutes after he saw him picking up the wagers, but discontinued the surveillance after about ten minutes. Had he continued, he might have found the answer as to whether Sette was a "banker" or had some other proprietary interest in the operation.

The government's chief reliance to overcome this clear deficiency in proof is the opinion testimony of two of the agents who observed Sette at the Spruce Street location. They stated that, on the basis of their observations and their general knowledge of the gambling business, Sette was a "controller" or "banker," with a proprietary interest in the operation, because he might well have been the last person to receive the slips and money. However, we do not believe that this highly unusual type of expert testimony, given by the very officers who were in charge of the investigation, sufficed to make a case for the jury. The agents, in the course of their long investigation, had the opportunity to follow Sette and determine what, if anything, he did with the slips he collected from Brown. This would have been the proper and recognized manner of proving his role in the gambling operation.

Having utterly failed to do so, they could not remedy this obvious defect in proof by assuming the role of experts and stating their opinions on what they had to prove. We are cited to no case, and have found none, that remotely justifies this highly unusual method of establishing a prima facie case in a criminal prosecution of this type. In United States v. Whiting, 311 F.2d 191 (4 Cir. 1962), cert. denied, 372 U.S. 935, 83 S.Ct. 882, 9 L.Ed.2d 766 (1963), government agents followed the defendants to their destination on several occasions, later obtained a search warrant, searched the premises, and found all kinds of gambling paraphernalia showing them to be bankers.

Reversed with instructions to dismiss the indictment.