### UNITED STATES of America
### v.
### George T. PATTERSON, John Douglas Patterson, Mildred K. Patterson, and Victoria Reinforcing Steel Erection, Inc.

#### Crim. No. 1462.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Oct. 30, 1964.

234

Louis C. LaCour, U. S. Atty., Louis R. Lucas, Asst. U. S. Atty., Eastern Dist. of Louisiana, New Orleans, La., for the United States.

Edward J. Boyle, Sr., Virgil M. Wheeler, Jr., Sehert, Boyle & Wheeler, New Orleans, La., for defendants, George T. Patterson, Mildred K. Patterson, and Victoria Reinforcing Steel Erection Co., Inc.

Robert A. Anderson, Jr., Covington, La., for defendant, John Douglas Patterson.

WEST, District Judge.

Defendants moved to dismiss Count One of the indictment returned against them claiming that it is insufficient to charge them with violation of Title 18 United States Code § 371 in that it:

"I. Fails to charge an offense against the United States.

"II. Does not allege facts constituting an offense against the United States.

"III. Is general, vague and indefinite and specifically does not contain a concise and definite statement of the essential facts constituting the offense allegedly charged therein in that the accused are not apprised of the crime purportedly charged with such reasonable certainty as will enable them to adequately prepare their defenses.

"IV. Fails to charge all essential facts and elements of the offense allegedly charged therein with sufficient fullness, clarity, and particularity to enable the accused to plead

the judgment and record of acquittal or conviction in bar to a subsequent prosecution for the same offense for which the defendants stand accused."

Title 18 United States Code § 371 provides:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

"If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor."

In attempting to charge these defendants with a violation of Title 18 United States Code § 371, Paragraph 5 of Count One of a multi-count indictment charges as follows:

"5. Beginning on or about the month of November 1959, the exact date being unknown to the Grand Jurors, and within the Eastern District of Louisiana, VICTORIA REINFORCING STEEL ERECTION, INC., and GEORGE T. PATTERSON, JOHN DOUGLAS PATTERSON and MILDRED K. PATTERSON, who were then and there officers and directors of said corporation, hereinafter called defendants, together with Leonard E. Patterson and Charles Patterson, co-conspirators but not named defendants herein, did unlawfully, knowingly, willfully and feloniously combine, conspire, and agree, acting together and with each other, and did enter into a combination, conspiracy and agreement to make and use certain false statements and representations

as to material facts to an agency of the United States, to-wit, the United States Army Corps of Engineers, concerning matters within the jurisdiction of said agency."

Then follows Paragraph 6 of Count One which reads as follows:

"6. That in furtherance of the aforesaid unlawful combination, conspiracy, confederation and agreement, the following overt acts were committed:"

after which follows detailed enumeration of some twenty-six alleged overt acts which the United States contends were committed by the defendants and which, if true, the United States contends would constitute a violation of Title 18 United States Code § 371.

Obviously, the charges contained in Paragraph 5 of Count One of the indictment, and the overt acts thereafter enumerated, while not specifically so stating, are considered by the United States to be violations of Title 18 United States Code § 1001, which provides as follows:

"Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

Defendants contend that Count One, as hereinabove set forth, fails to properly charge a conspiracy to commit an offense denounced specifically by Title 18 United States Code § 1001. More specifically, it is the defendants' contention that in order to properly set forth a charge of violation of Section 1001, sufficient to justify a conspiracy charge under Title 18 United States Code §

236

371, the indictment, in this instance, must charge that defendants "knowingly and willfully made or used a false writing or document *"knowing the same to contain false, fictitious or fraudulent statements or entries."* Defendants urge that it is not enough to charge, as this indictment does in Paragraph 5 of Count One, that defendants "unlawfully, knowingly, willfully and feloniously" combined, conspired and agreed to make and use certain false statements and representations as to material facts to an agency of the United States Government. Defendants contend that it is also necessary for the indictment to· specifically state that the defendants made or used these statements *"knowing them to be false."* The Government, on the other hand, argues that when Paragraph 5 of Count One states that the defendants did "unlawfully, knowingly, willfully and feloniously combine, conspire, and agree, acting together and with each other, and did enter into a combination, conspiracy and agreement to make and use certain false statements and representations as to material facts to an agency of the United States, to-wit, * * *" the indictment is sufficient to charge the "knowing submission of false statements" without the necessity of redundantly repeating the words "knowing the same to be false," and that thus, there is, in Paragraph 5 of Count One of the indictment, a sufficient allegation of a conspiracy to commit an offense against the United States to sustain a charge of violation of Title 18 United States Code § 371.

■ "The purpose of an indictment is to so inform the accused of the offense with which he is charged as to permit him to make his defense and, if subsequently charged with the same offense, to permit him to plead double jeopardy." Schnautz v. United States, 263 F.2d 525, 529 (CA5 1959). In a charge of criminal conspiracy, the gist of the offense is the agreement between the conspirators to commit an offense, attended by an act of one or more of the conspirators to effect the object of the conspiracy. Thus, when charging a conspiracy, it is not necessary to allege with technical precision all of the elements essential to the commission of the substantive offense which is the object of the conspiracy, nor is it necessary to state such objects with the detail that would be required in an indictment for committing the substantive offense. In charging a conspiracy, all that is necessary is certainty as to a common intent, sufficient to identify the offense which the defendants are alleged to have conspired to commit. Williamson v. United States, 310 F.2d 192 (CA9 1962); Schnautz v. United States, supra. The test of the sufficiency of the indictment is simply whether or not the indictment contains the elements of the offense intended to be charged, and sufficiently informs the defendant of what he must meet in the preparation of his defense, and whether or not it is sufficiently specific to obviate the danger of his being prosecuted a second time for the same offense. United States v. Meyers, D.C., 18 F.R.D. 299 (1955).

■ In the present case, the whole argument of the defendants centers around the contention that Paragraph 5 of Count One of this indictment does not allege or set forth all of the elements necessary to charge these defendants with a violation of Title 18 United States Code § 1001. But the purpose of Count One of this indictment is not to charge the defendants with a violation of Section 1001. This count of the indictment charges the defendants with a violation of Title 18 United States Code § 371. Section 371 makes it a crime to conspire to commit a crime against the United States or to defraud the United States or any agency thereof in any manner or for any purpose if one or more of the co-conspirators do any act to effect the object of the conspiracy. Thus, the gist of this offense is conspiracy. Consequently, in order for Count One of the indictment to sufficiently charge a conspiracy, it is only necessary that in the charging portion of the indictment there is certainty as

to a common intent, sufficient to identify the offense which the defendants are alleged to have conspired to commit. A reading of Paragraph 5 of Count One of this indictment can leave no doubt that the crime of conspiracy is properly and sufficiently alleged and charged. Paragraph 5 of Count One of this indictment clearly informs the defendants that they are charged with unlawfully, knowingly, willfully, and feloniously combining, conspiring and agreeing, acting together and with each other, to make and use certain false statements and representations as to material facts to an agency of the United States. If, as the defendants have concluded, this paragraph in the indictment alludes to the substantive offense prohibited by Title 18 United States Code § 1001, it is not necessary that, in order to charge defendants with a conspiracy to violate that section, all of the elements of that substantive offense be precisely and with technical precision alleged therein. There can be no doubt, as this record clearly reflects, that the defendants are, in fact, well informed by Paragraph 5 of Count One of this indictment of the substantive offense which forms the basis of the conspiracy with which they are charged. Thus, the disputed portion of this indictment has served its intended purpose. It may be that more precise allegations would be required to charge a violation of the substantive offense prohibited by Section 1001. But there is no such requirement in order to charge a conspiracy in violation of Section 371. Paragraph 5 of Count One of this indictment is sufficient and adequate to charge the defendants with conspiracy under Title 18 United States Code § 371, and thus, the defendants' motion to dismiss the indictment must be denied.

■■ Defendants also filed a motion for a bill of particulars wherein much information, in addition to that included in this indictment, is requested. Since this motion was filed, the Government has volunteered to furnish much of the information requested. The remaining information sought by defendants constitutes, in the opinion of the Court, a request for nothing more than a complete disclosure of the evidence which the Government intends to use against these defendants. The function of a bill of particulars is to define more specifically the offense charged. It is not to disclose in detail the evidence upon which the Government will rely at the trial. Cefalu v. United States, 234 F.2d 522 (CA10 1956). Since the indictment in this case charges these defendants with reasonable particularity and definiteness both as to the crime charged, and the overt acts allegedly committed, the Court finds no merit in defendants' motion for a bill of particulars. Said motion will therefore be denied.