**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joe ALTIERE, Defendant-Appellant.**

**No. 14571.**

United States Court of Appeals
Seventh Circuit.

March 8, 1965.

116

Anna R. Lavin, Maurice J. Walsh, Chicago, Ill., for defendant-appellant.

Edward V. Hanrahan, U. S. Atty., Thomas J. Regan, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KNOCH, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Joe Altiere, defendant, has appealed from his conviction in the district court, on a two-count indictment charging violations of 26 U.S.C.A. § 7203.[1]

Count I of the indictment charged defendant with engaging in the business of accepting wagers on his own behalf and on behalf of other persons who were engaged in that business without paying the special occupational tax on wagering for the taxable year ended June 30, 1964, and that such failure to pay the tax was willful and knowing. Count II charged that defendant willfully and knowingly failed to register and file a return, Internal Revenue Service Form 11–C, with the District Director of Internal Revenue.

1. By motion to dismiss defendant attacked the indictment, in that § 7203, in seeking to sanction a failure to comply with the provisions of 26 U.S.C.A. §§

---

1. Defendant was sentenced to sixty days imprisonment concurrently on each count and placed on probation effective 60 days after start of the period of imprisonment. He was also fined $1,000 and costs.

4411 and 4412, is unconstitutional and void when so employed, because it violates the fifth amendment's prohibition as to compulsory self-incrimination.

26 U.S.C.A. § 4411 imposes a special tax of $50 per year to be paid by each person who is liable for tax under § 4401 or who is engaged in receiving wagers for or on behalf of any person so liable. Said § 4401 imposes on each person who is engaged in the business of accepting wagers a tax on all wagers placed with him.

§ 4412 requires each person required to pay a special tax to "register with the official in charge of the internal revenue district".

26 U.S.C.A. § 7203 imposes penalties for willful failure to make tax returns, keep records and supply information.

While defendant's motion to dismiss filed in the district court did not contend that §§ 4411, 4412 are unconstitutional, in this court he takes the position that "the requirement to register and pay the occupational tax under Sections 4411 and 4412 * * * violates the Fifth Amendment's prohibition against compulsory self-incrimination." He points out that 18 U.S.C.A. § 1084 provides a criminal penalty for anyone engaged in the business of betting or wagering who knowingly uses a wire communication facility for the transmission in interstate commerce of bets, wagers, or information assisting in the placing thereof. Likewise he cites 18 U.S. C.A. § 1952 as a proscription against interstate travel and the use of the mails with intent to distribute the proceeds of any business enterprise involving gambling, or otherwise promote, manage, establish, carry-on, or facilitate the promotion, management, establishment, or carrying-on of any business enterprise involving gambling. It is argued that a basic element of proof under § 1084 is a showing that a person accused thereunder was "engaged in the business of betting or wagering" and that §§ 4411 and 4412 compel a disclosure that a person is "engaged in the business of accepting wagers".

Further, it is argued that a basic element of proof under § 1952 is that the accused is in a "business enterprise involving gambling". Thus, defendant argues that compliance with §§ 4411 and 4412 compels a confession of the basic elements of the crimes.

Defendant relies on Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L. Ed. 1118 and Blau v. United States, 340 U.S. 159, 161, 71 S.Ct. 223, 95 L.Ed. 170. Both of these cases sustained the right of a witness to refuse to answer certain questions before a grand jury under the circumstances therein set forth.

Defendant urges that in United States v. Zizzo, recently decided by this court, 7 Cir., 338 F.2d 577 (1964), it was contended that since defendant Zizzo was required, by law, to file returns, their use as evidence by the government against him violated his privilege against self-incrimination.

But, this court, at 581, stated:

"We think pertinent is a statement of the Supreme Court in Lewis v. United States, 348 U.S. 419, 422, 75 S.Ct. 415, 417–418 [99 L.Ed. 475], 'If petitioner desires to engage in an unlawful business, he does so only on his own volition. The fact that he may elect to pay the tax and make the prescribed disclosures required by the Act is a matter of his choice. There is nothing compulsory about it, and, consequently, there is nothing violative of the Fifth Amendment.'

"We hold that it was not error to receive the returns in evidence, and that defendant Zizzo was not deprived of any of his constitutional rights thereby."

Zizzo was cited with approval in United States v. Cefalu, 7 Cir., 338 F.2d 582, 585 (1964) where we held:

"* * * that the act of registering as required by 26 U.S.C.A. § 4412 is not an incriminating act contemplated by 18 U.S.C.A. § 1952 and, based upon our holding in Ziz-

zo, the act of registering does not violate the Fifth Amendment since the registrant may freely choose whether to subsequently engage in the unlawful activities proscribed by 18 U.S.C.A. § 1952."

■ For these reasons we refuse to sustain defendant's charges that §§ 4411, 4412, 7203, either singly or together, violate the rights of defendant under the fifth amendment to the federal constitution.

2. Defendant further argues, as he did in the district court, that Count II is based upon an unconstitutional derogation of the separation of powers in that it purports to impose criminal penalties for failure to comply with an executive regulation by the treasury department.

This point was unsuccessfully raised by defendants' reply brief in United States v. Pasha, et al., 7 Cir., 332 F.2d 193 (1964), cert. den. 379 U.S. 839, 85 S.Ct. 75, 13 L.Ed.2d 45. Inasmuch as defendant in the case at bar placed his reliance on the hope that the Supreme Court would reverse our decision in Pasha, the denial of certiorari cannot be said to be "in out-and-out conflict with the Supreme Court decision in United States v. Carroll, 345 U.S. 457 [73 S. Ct. 757, 97 L.Ed. 1147]", as argued in defendant's brief in the case at bar.

■ Accordingly, we hold that the conviction of defendant on Count II is not in derogation of the separation of powers as contended by defendant.

3. Defendant complains that the warrant upon which he was arrested was issued on an improper and insufficient affidavit, and hence the arrest was invalid and the motion to suppress the evidence obtained as a result thereof should have been granted.

We find from the record that the affiant was Reis Mitchel, special agent, Intelligence Division, Internal Revenue Service, to whom and under whose direction and supervision another special agent was acting, the latter having knowledge of wagering operations and being familiar with wagering paraphernalia and being assigned to investigate wagering-tax violations. According to Mitchel's affidavit, the special agent acting under his supervision told him that he had placed three horse race wagers at the Sportsman's Park race track with a white male, age 30–35, 5′ 9″ tall, 190 pounds with red hair, known as John Doe, on August 20 and 21, 1963, at which time the latter made notations on a 3″ x 5″ card held in a racing program; and that he received a pay-off on a winning wager from this person on August 21, 1963.

The affidavit of Mitchel set forth that he had examined the records of the district director of internal revenue in Chicago on August 23, 1963, for all wagering stamps issued and registration forms 11–C filed in the Chicago internal revenue district for the period beginning July 1, 1963, and ending June 30, 1964,

"* * * and said examination of those records revealed that no person registered in the name, alias, style or trade name of John Doe described as being a white male, about 5′ 9″ tall, 190 pounds, 30–35 years of age, with red hair, nor was the location of the Sportsman's Park Race Track registered as an address where the business of accepting wagers was conducted, nor did the records reflect that the premises was the residence address of any wagering tax stamp holder in the Chicago Internal Revenue District."

and that the information upon which the affiant relied in part came from an agent of the same agency "acting under my direction and supervision."

■ It is our opinion that the affidavit set forth the facts sufficiently and afforded the commissioner who issued the warrant an opportunity, as an independent judicial officer, to examine the facts before him. We think that, for the reasons assigned by us in United States v. McCormick, 7 Cir., 309 F.2d

367 (1962), cert. den. 372 U.S. 911, 83 S.Ct. 724, 9 L.Ed.2d 719, the affidavit in support of the arrest warrant in this case was sufficient. In McCormick, 309 F.2d at 372, we said, as to the issuing of a search warrant:

" * * * We refuse to hold that such information, when communicated in the course of official business by the agents among themselves, is excluded by the hearsay rule, so as to require the quashing of a search warrant issued upon the affidavit of one of the agents setting forth his reliance upon such information. Our position is in harmony with the modern view as to the use of hearsay evidence to support the issuance of a search warrant, announced in Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960):

" 'We conclude therefore that hearsay may be the basis for a warrant. We cannot say that there was so little basis for accepting the hearsay here that the Commissioner acted improperly. The Commissioner need not have been convinced of the presence of narcotics in the apartment. He might have found the affidavit insufficient and withheld his warrant. But there was substantial basis for him to conclude that narcotics were probably present in the apartment, and that is sufficient. * * *' "

■ 4. We consider as harmless to defendant that he was arrested upon what is known as a "John Doe" warrant or that special agent Jerry Henderson, who executed the warrant, may have been assisted by agent Wheeler in identifying defendant as the person described in the warrant. Actually the record shows that the arresting agent spent his time after entering the race track in surveillance of the activities of defendant and another. This demonstrates the sufficiency of the description in the warrant. The fact that he verified with another agent the correctness of his identification of defendant simply shows his desire to be careful.

5. Defendant contends that there was no proof that he was aware of the federal tax and that he knowingly and willfully refused to pay it and to register.

■ We are convinced that proof of willfulness can be inferred from the evidence in this case. It was within the province of the jury to draw all logical inferences from the proof. That defendant was aware of the law and his rights and was contemptuous of the enforcement authorities is indicated by his reference to "Pencil Louie" as a "tall, short guy" in response to questions. The jury might well infer from this and other such evidence that defendant knew what his business was all about and that what he was doing he was doing willfully.

■ 6. We cannot agree with defense counsel that the evidence fails to show that defendant was required to file a form 11–C in the office of the district director of internal revenue at Chicago. It is admitted that he did not so register in Chicago. The district court was of the opinion that there was a prima facie case proved that defendant was engaged in the business of accepting wagers at Sportsman's Park, near Chicago. We find no error in the court's ruling.

■ 7. Neither do we think that the trial court abused its discretion in allowing agent Wheeler, on the showing made, to testify as an expert on gambling. Furthermore, this witness was cross-examined at great length by defense counsel relative to his opinion testimony.

■ 8. We find no error in the instructions which defendant's counsel criticize in their brief.

For the foregoing reasons, the judgment of the district court and the sentence thereon are affirmed.

Judgment and sentence affirmed.