UNITED STATES of America, Plaintiff-Appellee,

v.

Donald ANGELINI, Defendant-Appellant.

No. 14765.

United States Court of Appeals Seventh Circuit.

May 20, 1965.

Rehearing Denied June 21, 1965.

**279**

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Donald Angelini, the defendant-appellant, prosecutes this appeal from a judgment of conviction and sentence, entered following a trial before the court without a jury, on a two count indictment charging violations of 26 U.S.C.A. § 7203. Count I charged a wilful and knowing failure to pay the special occupational tax on the business of accepting wagers (26 U.S.C.A. § 4411). Count II charged a wilful and knowing failure to register and file a return (26 U.S.C.A. § 4412). The defendant was sentenced to imprisonment for a period of sixty days and to pay a fine in the sum of $2,500.00.[1]

The contested issues presented by defendant's appeal concern the legality and sufficiency of the evidence, the constitutional validity of Sections 4411 and 4412, and whether Count II of the indictment charges an offense proscribed by law.

The attack made on Count II of the indictment is the same as that urged and rejected in United States v. Pasha, 7 Cir., 332 F.2d 193, 195, cert. den. 379 U.S. 839, 85 S.Ct. 75, 13 L.Ed.2d 45. We regard Pasha as dispositive of the issue concerning the validity of Count II. United States v. Altiere, 7 Cir., 343 F.2d 115.

The defendant's contention that Sections 4411 and 4412 are unconstitutional is grounded on the assertion that the requirements of each of these sections constitute compulsory self-incrimination and thus violate the Fifth Amendment. This Court has repeatedly held to the contrary. United States v. Zizzo, 7 Cir., 338 F.2d 577, 580; United States v. Cefalu, 7 Cir., 338 F.2d 582, 585; United States v. Altiere, 7 Cir., 343 F.2d 115.

Anna R. Lavin, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Thomas J. Regan, Dennis M. O'Brien, Assts. to U. S. Atty., Chicago, Ill., for appellee.

1. Imposition of sentence was suspended as to Count II and the defendant placed on probation for a period of three years commencing at the expiration of the 60 day sentence.

■■ In resolving the issue of the sufficiency of the evidence to sustain defendant's conviction we must view the evidence, and the reasonable inferences which may be drawn therefrom, in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680. From our examination of the record we are satisfied that, contrary to defendant's contention, the evidence warranted the court in concluding that the defendant was, during the period alleged, engaged in the business of accepting wagers. His knowledge of the existence of the provisions of Sections 4411 and 4412 is established by the fact that he made application for and received the special occupational tax stamp required under those sections for the fiscal years ending June 30, 1957 and 1958. We do not deem it necessary to recite the evidence in detail or to point to all of the corroborative factors therein. Suffice it to observe that the record discloses that on a number of occasions during the month of August 1963 the defendant was observed at Sportsman's Park, a Cicero, Illinois, race track, receiving money from persons with whom the government agents had placed wagers on the horse races being run. On these occasions he was observed making notations. A search, subsequent to his arrest at the track, revealed he had $8,674.00 on his person and documents identified by an expert witness as "recap sheets" showing net gain or loss for wagering operations at the end of any particular race. On one of these sheets a column of figures designated by the letter "R" corresponded exactly with a record of wagers seized from Joe "Red" Altiere at the time of the latter's arrest. Altiere was one of the individuals with whom the government agents had placed wagers and who had been observed handing money to the defendant. The activities of the defendant disclosed by the record, coupled with his possession of records of the nature of the "recap sheets" here involved, are a legitimate basis for the inference that he was engaged in the business of accepting wagers. Rutherford v. United States, 9 Cir., 264 F.2d 180, 185.

■ Defendant claims reversible error occurred in the admission into evidence of the documents, identified by the expert witness as records of wagers, seized from the person of Altiere at the time of the latter's arrest. This contention, predicated on asserted illegality of Altiere's arrest, is without merit. Such objection was not raised in the trial court. It therefore affords no basis for a claim of error on appeal. Moreover, the arrest of Altiere was proper and legal. United States v. Altiere, 7 Cir., 343 F.2d 115.

■ Defendant's contention that opinion testimony was substituted for required proof is unpersuasive. In this connection he relies on United States v. Sette, 2 Cir., 334 F.2d 267. But the rationale of that decision is inapposite here. Unlike the situation presented in Sette, the expert testimony in the instant case served only to identify the nature of the documents seized from the defendant and from Altiere at the time of their respective arrests and to correlate these records—there was no expression of opinion as to the ultimate fact in issue—whether defendant was accepting wagers with a proprietary interest in such operation (United States v. Calamaro, 354 U.S. 351, 356, 77 S.Ct. 1138, 1 L.Ed.2d 1394). That conclusion was drawn by the court but it was not supplied in the form of a conclusional opinion by an expert witness.

We have considered various other arguments advanced by the defendant with respect to the legality and sufficiency of the evidence but we find them without merit.

The judgment order of the District Court is affirmed.

Affirmed.