**UNITED STATES of America,**
**Plaintiff,**

v.

**Ronald J. BONNET, Sr., George A. Bonnet, Jr. and Myrtle J. Kurucar,**
**Defendants.**

**Cr. No. 29992.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Nov. 10, 1965.

Frederick W. Veters, Asst. U. S. Atty., E.D. Louisiana, for plaintiff.

Sehrt, Boyle & Wheeler, Virgil M. Wheeler, Jr., New Orleans, for Myrtle J. Kurucar.

Racivitch, Johnson, Wegmann & Mouledoux, Guy Johnson, New Orleans, for Ronald J. Bonnet, Sr. and George A. Bonnet, Jr.

### AINSWORTH, District Judge:

In this motion of defendants for a bill of particulars it is contended that Count III of the bill of information charging them with having violated the wagering tax laws of the United States is insufficient in that it does not apprise them of the nature and cause of the accusation nor enable them properly to prepare their defenses. Their contention is made under Rule 7(c), (f) of the Federal Rules of Criminal Procedure and the Sixth Amendment of the United States Constitution.

Count III charges that on or about January 22, 1965, in the Eastern District of Louisiana, the three named defendants did knowingly, wilfully and unlawfully engage in the business of accepting wagers as defined in 26 U.S.C. § 4421(1)(a), without first having paid a special occupational tax as required by 26 U.S.C. § 4411, all in violation of 26 U.S. C. § 7262.

The motion for a bill of particulars contains six itemized requests for additional details. The first five items request information as to whether the defendants (1) are charged with participating in the same act or transaction, (2) are charged with participating in the same series of acts or transactions, (3) the time and place defendants accepted a wager, (4) whether the government contends they all acted as principals or as agents, and (5) the names of the person or persons who allegedly made wagers with defendants.

The bill of information clearly charges *each* defendant with having participated in the same offense, to-wit: of having accepted wagers without first having paid the special occupational tax. Thus, requested items 1 and 2 are without merit. As to items 3 and 4, the time and place of the alleged offense is likewise charged sufficiently. All of the defendants are charged as principals and not as agents for the information avers that each defendant was engaged in the unlawful activity of accepting wagers, etc. Finally as to item 5, defendants are in fact seeking the names of the government's witnesses. They are not entitled to such information. Cordova v. United States, 10 Cir., 1962, 303 F.2d 454, and Bohn v. United States, 8 Cir., 1958, 260 F.2d 773, cert. den., 360 U.S. 907, 79 S. Ct. 1283, 3 L.Ed.2d 1258 (1959).

The granting or denying of a request for a bill of particulars lies within the sound discretion of the Court. Wong Tai v. United States, 273 U.S. 77,

47 S.Ct. 300, 71 L.Ed. 545 (1927), Joseph v. United States, 5 Cir., 1965, 343 F. 2d 755, Robertson v. United States, 5 Cir., 1959, 263 F.2d 872, Rule 7(f), Fed.R. Crim.P. Furthermore, in light of Rule 7(f), we will not grant a motion for a bill of particulars unless there is cause for doing so. The purpose of a bill of particulars is to inform the defendant of the nature of the charges brought against him, to enable him to adequately prepare his defense, to avoid surprise during the trial, and to enable the defendant to plead former acquittal or conviction in bar of subsequent prosecution for the same offense. United States v. Haskins, 6 Cir., 1965, 345 F.2d 111 and authorities there cited. Obviously, if the information is sufficient in itself, as we find here, there is no need for a bill of particulars. We will not grant the motion where the defendant is actually seeking to discover the government's evidence or theory of the case in advance of trial. See United States v. Patterson, E.D.La., 1964, 235 F.Supp. 233. The bill of information in this case charges these defendants with sufficient particularity both as to the crime charged and the overt acts allegedly committed. An acquittal or conviction here would bar any subsequent prosecution based on the offense herein charged.

 In substance, item 6 is directed to a requested disclosure of the "reliable informer's" name since it is allegedly his information that supplied the "probable cause" upon which the search warrant issued.

Defendants correctly argue the law that a search warrant shall not issue except for "probable cause." Such cause is unequivocally demanded by the Fourth Amendment of the United States Constitution. Defendants then contend that evidence unlawfully obtained cannot be used as a basis for probable cause. To determine whether or not there was probable cause, defendants aver that they are entitled to know the name of the "confidential informer"; that his identity is material and necessary for the defense of the accused.

In support of their position, defendants rely on Roviaro v. United States, 353 U. S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). It is true that Roviaro denies that the "informer's privilege" is an absolute rule. However, in Roviaro, the informer was the *sole* participant with the accused in committing the crime, and Roviaro's arrest was made without a warrant. The Supreme Court stated 77 S.Ct. at page 628:

> "In these cases the Government has been required to disclose the identity of the informant *unless there was sufficient evidence apart from his confidential communication.*" (Emphasis supplied.)

In this matter a search warrant was issued under authority of State Judge Cocke of Jefferson Parish on the affidavit of Detective Reed of the Sheriff's Office. The affiant stated that he and Detective Warner received information from a reliable informer "who has given information in the past which has resulted in gambling arrests and convictions." Affiant further stated that he *personally* called the number supplied by the informer and placed three bets on two separate occasions, both bets being accepted via this telephone number, which number was registered to the premises searched under the warrant.

Thus there is no indication here that the informer actually participated in the crime charged. But even if he did participate, which is nowhere evident, it is clear that he was not the *sole* participant as was true in Roviaro. Detective Reed himself placed three bets, and thus even without the statement of the informer, there was sufficient evidence to justify the search and the issuance of the search warrant. Therefore, we hold that Roviaro is not applicable here.

In Rugendorf v. United States, 376 U. S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964), (which reaffirmed the principle established in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)), the defendant moved to compel the disclosure of the informant's name in order to be able to properly defend him-

self at the trial upon the merits. In denying the motion the Court stated:

" * * * On the contrary, a careful examination of the whole record shows that he requested the informers' names only in his attack on the affidavit supporting the search warrant. Having failed to develop the criteria of Roviaro necessitating disclosure on the merits, we cannot say on this record that the name of the informant was necessary to his defense."

Under the rule of Jones and Rugendorf, supra, the government is entitled to invoke the informer's privilege here. Probable cause existed to support the search warrant independent of any information supplied by the informer. To require the disclosure of the informer's identity would open the gates to every conceivable claim by irate defendants and would work havoc upon criminal detection and investigation. There is no sound purpose for so doing and we will not deviate from the obvious reasons behind the informer's privilege.

The motion of defendants for a bill of particulars is denied.