THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CLAUDINA BERNARD RIVERA, Defendant and Appellant.

No. CR-67-239.     Decided October 11, 1968.

*Mario A. Rodríguez* for appellant. *Rafael A. Rivera Cruz, Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was convicted of a violation of the Bolita Act. She assigns two errors. In the first she alleges that "The trial court erred in denying the dismissal of the case on the ground that the prosecuting attorney had not furnished the bill of particulars requested." The second error attacks the sufficiency of the evidence.

Let us examine the first error. The information is clear and specific as to the facts, and it also informed appellant as to the law and the precise section for the violation of which she was going to be tried. Insofar as pertinent, the information reads as follows:

"The prosecuting attorney files information against Claudina Bernard Rivera . . . for the violation of § 4 of Act No. 220, approved May 15, 1948 (misdemeanor), committed as follows:

"On or about January 12, 1965, approximately at 8:00 p.m., in Barriada Puente Blanco in Cataño, Puerto Rico, which is a part of the Superior Court of Puerto Rico, Bayamón Part, then and there, the aforementioned defendant Claudina Bernard Rivera, illegally, voluntarily, and criminally, had under her control and at her disposal, several notebooks with printed three-digit figures, among which there were notebooks with the numbers 014, 117, and 220, which material then and there was used and utilized in the illegal game of Bolipul and could be utilized and used for the illegal game of Bolipul, and which is connected with the practice thereof."

■■ The point is adversely decided to appellant. As we have said before, the granting of a bill of particulars is not an absolute right; it rests with the sound discretion of the court and its decision on this particular is not reversible, unless an evident abuse of discretion is shown. *People* v. *Cruz Ortega*, 95 P.R.R. 127 (1967); *Ortiz* v. *Superior Court; People, Int.*, 75 P.R.R. 55, 57 (1953); *People* v. *Ramírez*, 50 P.R.R. 224, 233–4 (1936); *United States* v. *Bonnet*, 247 F.Supp. 415, 417 (1965); *United States* v. *Patterson*, 235 F.Supp. 233 (1964); *United States* v. *Smith*, 209 F.Supp. 907,

911 (1962)'; *Mellor* v. *United States*, 160 F.2d 757. The first error assigned was not committed.

■ The second assignment also lacks merit. The conviction is amply supported by the evidence and we are not justified in disturbing the weighing of the evidence made by the trier at first instance.

The judgment rendered in this case by the Superior Court, Bayamón Part, on June 20, 1966, will be affirmed.