EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CLAUDINA BERNARD RIVERA, acusada y apelante.

*Número:* CR-67-239      *Resuelto:* 11 de octubre de 1968

*Mario A. Rodríguez,* abogado de la apelante; *Rafael A. Rivera Cruz, Procurador General,* y *Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: La apelante fue convicta de una infracción a la Ley de la Bolita. Señala dos errores. En el primero alega que "Erró el Tribunal apelado al denegar el archivo del caso por no haber el Ministerio Público suministrado los particulares que le fueron requeridos." El segundo error ataca la suficiencia de la prueba.

Examinemos el primer señalamiento. La acusación es clara y específica en cuanto a los hechos y además informaba a la apelante de la ley y del artículo preciso por cuya infracción se le enjuiciaba. En lo pertinente la acusación lee como sigue:

"El Fiscal formula acusación contra Claudina Bernard Rivera . . . por el delito de Inf. a la Sec. 4ta. de la Ley #220 aprobada el 15 de mayo de 1948, (Misdemeanor), cometida de la manera siguiente:

Allá en o por el día 12 de enero de 1965, a las 8:00 P.M. aproximadamente, en la Barriada Puente Blanco de Cataño, Puerto Rico, que forma parte del Tribunal Superior de Puerto Rico, Sala de Bayamón, P.R., allí y entonces, la referida acusada Claudina Bernard Rivera, ilegal, voluntaria y criminalmente, tenía en su poder y a su disposición varias libretas con números impresos de tres cifras entre las cuales se encontraban libretas con los números 014, 117 y 220, cuyo material allí y entonces se usaba y utilizaba en el juego ilegal del Bolipul y podía utilizarse y usarse en el juego ilegal del Bolipul y el cual está conectado con la práctica del mismo."

El punto está resuelto adversamente para la apelante. Como hemos dicho antes, la concesión de una especificación de particulares no es un derecho absoluto; depende de la sana discreción del tribunal y su resolución sobre el particular no es revocable a menos que se demuestre un claro abuso de discreción. *Pueblo* v. *Cruz Ortega*, 95 D.P.R. 129 (1967); *Ortiz* v. *Tribunal Superior*, 75 D.P.R. 58, 61 (1953); *Pueblo* v. *Ramírez*, 50 D.P.R. 234, 245 (1936); *United States* v. *Bonnet*, 247 F.Supp. 415, 417 (1965); *United States* v. *Patterson*, 235 F.Supp. 233 (1964); *United States* v. *Smith*, 209 F.Supp. 907, 911 (1962); *Mellor* v. *United States*, 160 F.2d 757. No se cometió el primer error señalado.

Tampoco tiene mérito el segundo planteamiento. La convicción está ampliamente sostenida por la prueba y no estamos justificados para intervenir con la apreciación que de la misma hizo el juzgador de instancia.

*Se confirmará la sentencia dictada en este caso por el Tribunal Superior, Sala de Bayamón, en 20 de junio de 1966.*