**UNITED STATES of America,**

v.

**Albert TOCCO, et al.**

**No. 83 CR 650.**

United States District Court,
N.D. Illinois, E.D.

Feb. 15, 1984.

John Evon, Mitchell A. Mars, Steve Miller, Asst. U.S. Attys., Chicago, Ill., for the U.S.

Robert A. Novelle, Chicago, Ill., for John J. Hadala.

Patrick Tuite, Ann Lavin, Chicago, Ill., for Tocco.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge.

On August 17, 1983, a special grand jury indicted the twelve defendants in this case for conspiracy, operation of an illegal gambling business and tax law violations related to gambling, under 18 U.S.C. §§ 371 and 1955, and 26 U.S.C. § 7203. Presently before the Court are motions to dismiss the indictment filed by defendants Albert Tocco ("Tocco") and John Hadala ("Hadala"). For the reasons set forth below, the defendants' motions are denied.

I. *Multiple Conspiracies*

Tocco first argues that the indictment improperly charges more than one conspiracy. As the Seventh Circuit has observed, "In nearly every conspiracy case the claim is made that a variance [between the charge(s) in the indictment and the evidence at trial] exists because multiple conspiracies are shown." *United States v. Abraham*, 541 F.2d 1234, 1237 (7th Cir. 1976), *cert. denied*, 429 U.S. 1102, 97 S.Ct. 1128, 51 L.Ed.2d 553 (1977). The Supreme Court has held that the variance between the charge and the proof when the indictment alleges a single conspiracy but the evidence shows multiple conspiracies may be material and require reversal. "The dangers for transference of guilt from one to another [defendant] across the line separating conspiracies, subconsciously or oth-

erwise, are so great that no one really can say prejudice to substantial right has not taken place." *Kotteakos v. United States,* 328 U.S. 750, 774, 66 S.Ct. 1239, 1252, 90 L.Ed. 1557 (1946).

In *United States v. Varelli,* 407 F.2d 735 (7th Cir.1969), the Seventh · Circuit explained one method to distinguish a single conspiracy from multiple conspiracies:

> While the parties to the agreement must know of each other's existence, they need not know each other's identity nor need there by direct contact. The agreement may continue for a long period of time and include the performance of many transactions. New parties may join the agreement at any time while others may terminate their relationship. The parties are not always identical, but this does not mean that there are separate conspiracies.
>
> The distinction must be made between separate conspiracies, where certain parties are common to all and one overall continuing conspiracy with various parties joining and terminating their relationship at different times. Various people knowingly joining together in furtherance of a common design or purpose constitute a single conspiracy. While the conspiracy may have a small group of core conspirators, other parties who knowingly participate with these core conspirators and others to achieve a common goal may be members of an overall conspiracy.
>
> In essence, the question is what is the nature of the agreement. If there is one overall agreement among the various parties to perform different functions in order to carry out the objectives of the conspiracy, the agreement among all the parties constitutes a single conspiracy.

*Id.* at 742 (citation omitted).

■ In this case, the government argues that the evidence will show the defendants conspired to operate a single bookmaking business, albeit one with several facets and interdependent parts. Although the Court cannot determine at the pretrial stage the nature and number of the conspiracies the government might prove, it is certainly possible that the government's evidence might establish a single conspiracy as described by the Seventh Circuit in *Varelli.*

Therefore, it is premature at this time for Tocco to complain of a variance between the charge and the proof. Once more the Court's opinion in *Varelli* is instructive:

> Since the existence of multiple conspiracies is really a fact question as to the nature of the agreement, it is for the jury to decide whether there is one agreement or several. Therefore, the district judge should not under F.R. of Crim.P. 14 grant a severance or order "an election by the Government of the conspiracy it would prosecute," but, when the possibility of a variance appears, should instruct the jury on multiple conspiracies as well.

*Id.* at 746 (citations omitted). Thus, Tocco's first objection is not an appropriate basis for dismissing the indictment.

## II. *Duplicity of Counts 1 and 2*

■ Both Tocco and Hadala contend that conspiracy to violate 18 U.S.C. § 1955 and the subsequent violation of that statute (the offenses charged in Counts 1 and 2, respectively) merge into a single punishable act. Thus, they argue, Counts 1 and 2 are duplicative, and Count 1 must be dismissed. Hadala cites a number of cases in support of this argument, including *United States v. Hunter,* 478 F.2d 1019 (7th Cir. 1973), *cert. denied,* 414 U.S. 857, 94 S.Ct. 162, 38 L.Ed.2d 107 (1973). However, the Supreme Court rejected this same argument two years later, in effect overruling *Hunter,* in *Iannelli v. United States,* 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975). After reviewing in detail the development of the law of conspiracy as well as the legislative history and structure of the Organized Crime Control Act of 1970, the Court expressly held that the violation of Section 1955 and conspiracy to violate that statute are two discrete crimes for which separate sanctions may be imposed. *Id.* at 791, 95 S.Ct. at 1296. Hadala's argument

that this Court is not bound by the clear statement of the law in *Iannelli* is unpersuasive.

### III. *Pre-Indictment Delay*

Tocco next claims that the government delayed the commencement of this prosecution. Because he does not make reference to a statute of limitations, Tocco's objection to any pre-indictment delay seems to be based on the due process clause. The Supreme Court has noted that although statutes of limitations provide the primary protection against the bringing of stale criminal charges, the due process clause plays a limited role in protecting against oppressive delay. *United States v. Lovasco*, 431 U.S. 783, 788–89, 97 S.Ct. 2044, 2047–48. As the Seventh Circuit recently explained,

> The due process inquiry requires consideration of both the reasons for the government's delay and the proof of prejudice to the accused. A pre-indictment delay will not violate due process unless the defendant is able to prove that the delay caused actual and substantial prejudice to his or her fair trial rights and that the government delayed indictment for tactical advantage or some other impermissible reason.

*United States v. Watkins*, 709 F.2d 475, 479 (7th Cir.1983) (citations omitted). A reading of the Supreme Court and Seventh Circuit decisions in this area, many of which are cited by the government in its response, reveals that defendants rarely prevail with this due process argument. The Supreme Court observed, "Indeed, in the intervening years [between 1971 and 1976] so few defendants have established that they were prejudiced by delay that neither this Court nor any lower court has had a sustained opportunity to consider the constitutional significance of various reasons for delay." *Lovasco*, 431 U.S. at 796–97, 97 S.Ct. at 2052.

■ In this case, Tocco has not shown that dismissal of the indictment is required by due process considerations. His most specific claim of prejudice relates to telephone company records, and the government states that it will make these records available to all the defendants. Thus, Tocco has failed to show that he has suffered any prejudice to his fair trial rights or that the government employed any improper tactics to delay his indictment.

### IV. *Impropriety of Counts 5 and 6*

Tocco states various objections to Counts 5 and 6, to all of which the government has adequately responded.

■ The first objection is that the allegations of Counts 5 and 6 improperly charge the defendants with two separate offenses in each count, a tax law violation as well as engaging in the business of accepting wagers. A fair reading of the entire indictment, however, shows that Count 2 charges the defendants with operating a bookmaking business while Counts 3 through 6 merely charge the defendants with tax law violations related to that business. The two cases cited by Tocco do nothing to support his argument, and to the extent that they are applicable to this case indicate that the indictment's structure is proper. *See United States v. Roselli*, 432 F.2d 879, 898–901 (9th Cir.1970), *cert. denied*, 401 U.S. 924, 91 S.Ct. 883, 27 L.Ed.2d 828 (1971).

■ Tocco also argues that it was improper to join Counts 5 and 6 with the other counts of the indictment, presumably because the tax counts are not closely enough related to the conspiracy and bookmaking charges. However, these counts *are* logically related, and the proof of the different charges should overlap considerably. *Roselli* is similar to this case, and there the Ninth Circuit found it proper to join charges of conspiracy, gambling and filing false income tax returns. *Id.* at 898–99. The Seventh Circuit has stated that Rule 8 of the Federal Rules of Criminal Procedure is to be construed broadly to allow liberal joinder. *United States v. Cavale*, 688 F.2d 1098, 1106 (7th Cir.1982), *cert. denied*, — U.S. —, 103 S.Ct. 380, 74 L.Ed.2d 513 (1982). Thus, joinder of the various charges in Tocco's indictment is.

■ Tocco contends that Counts 5 and 6 fail to allege with the requisite specificity the time in which he violated the law. However, Tocco cites no cases, and the Court has found none, which support his contention. As the government notes, the tax provisions Tocco is charged with violating are based on yearly periods, and the tax counts do specify the fiscal years involved. Moreover, the indictment lists two specific dates on which Tocco allegedly was involved in a gambling business. Count 1, ¶ 23a, b. Thus, the allegations in Counts 5 and 6 are specific enough to withstand Tocco's motion to dismiss. *Cf. United States v. Bonnet*, 247 F.Supp. 415 (E.D.La. 1965) (defendants charged with violating tax statutes were not entitled to bill of particulars reciting time of acceptance of wager).

Tocco's final objection to Counts 5 and 6 is that they are "multiplicitous." Tocco appears to be claiming that the indictment charges the commission of a single offense in two counts. Count 5 charges the defendants with failure to pay the tax required by 26 U.S.C. § 4411, while Count 6 charges them with failure to register with the Internal Revenue Service as required by 26 U.S.C. § 4412. Both of these failures constitute violations of 26 U.S.C. § 7203; thus, the question arises whether there is one offense or two.

■ The government persuasively argues that there are two offenses here. Section 7203 is violated by a person's failure to comply with either Section 4411 *or* Section 4412. It seems reasonable, then, that a failure to comply with either of the two sections could constitute two separate violations of Section 7203, just as a failure to comply with one of the sections in two consecutive years constitutes two offenses. The Supreme Court has stated, in dicta, that failures to pay a tax and to file a return—two of the predicate omissions enumerated in Section 7203—are separately punishable under that statute. *Grosso v. United States*, 390 U.S. 62, 65, 88 S.Ct. 709, 712, 19 L.Ed.2d 906 (1968). And although it found no cases which expressly hold that separate counts are proper, the government has cited three cases in which defendants were charged separately under Section 7203 for violating Sections 4411 and 4412. *E.g., United States v. Angelini*, 346 F.2d 278, 279 (7th Cir.1965). Thus, Counts 5 and 6 are properly included in the indictment.

## V. *Government Misconduct Before the Grand Jury*

Finally, Tocco alleges that the government improperly prejudiced the grand jury against him by misstatements and reliance on hearsay. This argument also fails.

■ In *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), the Supreme Court held that a defendant could be required to stand trial, and a conviction could be sustained, even if only hearsay evidence was presented to the grand jury which indicted him. Thus, even if hearsay evidence was used to indict Tocco, his indictment should not be dismissed. Moreover, the Court in *Costello* declared that an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough the call for trial of the charge on the merits. *Id.* at 363, 76 S.Ct. at 409. A defendant does not have the right to call for a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. *Id.*

■ Tocco's assertion that the government prejudiced the grand jury by making misstatements is insufficient to require dismissal of the indictment. In *United States v. Duff*, 529 F.Supp. 148 (N.D.Ill.1981), this Court noted that dismissal of an indictment is an extraordinary remedy to be reserved for only the most serious grand jury abuses. The Seventh Circuit has held that a defendant's unsupported speculation about improper conduct before the grand jury was not enough to entitle the defendant to disclosure of the grand jury proceedings. *United States v. Edelson*, 581 F.2d 1290, 1291 (7th Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1216, 59 L.Ed.2d 456 (1979).

*A fortiori*, Tocco's general assertion of "misstatements" is inadequate to warrant the more serious sanction of dismissal of the indictment.

For the foregoing reasons, Tocco's and Hadala's motions to dismiss the indictment are denied in their entirety. It is so ordered.