**UNITED STATES, Appellee,**

v.

**Staff Sergeant (E–6) William N. COOLEY, 237–74–2620, United States Army, Appellant.**

**CM 447530.**

U.S. Army Court of Military Review.

March 11, 1986.

For Appellant: Colonel Brooks B. La Grua, JAGC, Lieutenant Colonel Arthur L. Hunt, JAGC, Major Jerry W. Peace, JAGC, Captain Clayton A. Aarons, JAGC (on brief).

For Appellee: Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, Captain Joseph P. Falcone, JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Contrary to his pleas, appellant was convicted, *inter alia*, of making a false official document in violation of Article 107, Uniform Code of Military Justice, 10 U.S.C. § 907 (1982). He challenges for the first time on appeal the sufficiency of the following specification, asserting that it failed to allege that he knew the document was false:

Charge I: Violation of the Uniform Code of Military Justice, Article 107

Specification: In that [appellant did] ..., on or about 16 November 1984, with intent to deceive, make and sign an official record, to wit: a postal stamp requisition, PS Form 17, dated 16 November 1984, assigned registered mail dispatch number R007950446 and bearing the notation that the said postal stamp requisition was to be paid for by United States Treasury check number 226,221, which record was totally false in that registered mail dispatch number R007950446 had been assigned to a previous postal stamp requisition, PS Form 17, dated 15 November 1984, and that the United States Treasury check number 226,221 had been previously issued for a purpose other than the purchase of stamps.

We find appellant's contention to be without merit. The facts charged, coupled with the allegation that appellant

made and signed the document in question with "intent to deceive," clearly import the requisite knowledge. *See United States v. Watkins*, 21 M.J. 208, 210 (C.M.A.1986); *cf. United States v. Meyers*, 18 F.R.D. 299 (E.D.N.Y.1955) (indictment charging defendant with facts sufficient to import knowledge and wilfulness was not defective by reason of failure to charge, in language of statute [18 U.S.C. § 1001], that defendant had knowingly and wilfully used the false writings). Additionally, we find that the specification sufficiently informed appellant of the charge he was required to defend against and protects him from future prosecution for the same offense. Because the specification is not so defective that it "cannot within reason be construed to charge a crime," and does not prejudice appellant, a challenge at this late stage of the proceedings will not result in reversal. *See United States v. Watkins*, 21 M.J. at 210.

We have also considered the matters personally raised by appellant and find them to be without merit.

The findings of guilty and the sentence are affirmed.